UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1078-DRL-MGG |
| WALTON *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, filed an amended complaint. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson alleges that, while he was an inmate at the Westville Correctional Facility, he requested a Kosher diet. Director of Religious Services Walton told him that his request would be put on hold for 60 days pursuant to the Indiana Department of Correction's policy and, at the end of that waiting period, if he met the requirements, he could be placed on the diet. Mr. Johnson also complains that Director Walton refused to provide him with four religious books free of charge: (1) Luciferian Bible; (2) Aleister

Crowley – Book of Shadows; (3) The Book of the Witch Moon Chaso Vampiric & Luciferian Sorcery; and (4) Gardneian "B.O.S." Book of Shadows – Ye Bok of Ye Art Magical.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, as a general proposition, "a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

At the same time, the Equal Protection Clause and the Establishment Clause prohibit the defendant from treating members of some religious faiths more favorably than others without a secular reason. *See Cruz v. Beto,* 405 U.S. 319, 322-23 (1972); *Nelson v. Miller,* 570 F.3d 868, 880-82 (7th Cir. 2009); *Kaufman v. McCaughtry,* 419 F.3d 678, 683-84 (7th Cir. 2005). "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991).[1]

---

[1] The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. *See* 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 574 U.S. 352 (2015). Although money damages and injunctive relief are available under the First Amendment, only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Mr. Johnson's amended complaint doesn't identify his religion or the dietary rules for his religion. An inmate can't demand a Kosher diet simply due to dietary preference. Outside of his request for a Kosher diet, nothing in the complaint suggests that Mr. Johnson practices Judaism. Furthermore, the books he seeks are not the holy books of Judaism. Mr. Johnson is not entitled to receive free books of his choice on any spiritual matter of interest to him, and the books he sought haven't been identified as the holy books of any particular religion, much less one that Mr. Johnson practices. Mr. Johnson doesn't allege that he was precluded from purchasing the books; he simply wanted them provided free of charge. He doesn't allege that the defendants purchased books for members of some religions and not others. Nor does he allege that the defendants sought donations from some religions and not others. *See Lindell v. Casperson*, 360 F. Supp. 2d 932, 957 (W.D. Wis. 2005), *aff'd sub nom. Lindell v. Govier*, 169 F. Appx. 999 (7th Cir. 2006).

Mr. Johnson's allegations are too vague to plausibly allege that he was wrongfully denied Kosher meals or free copies of religious books. Therefore, he can't proceed on these claims. The amended complaint doesn't state a claim for which relief can be granted. If, after reviewing this order, Mr. Johnson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."

---

Because Mr. Johnson is no longer at the Westville Correctional Facility, injunctive relief isn't available to him.

*Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Christopher M. Johnson;

(2) GRANTS Christopher M. Johnson until **July 25, 2024**, to file an amended complaint; and

(3) CAUTIONS Christopher M. Johnson if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint doesn't state a claim for which relief can be granted.

SO ORDERED.

June 26, 2024                               *s/ Damon R. Leichty*
                                            Judge, United States District Court

4